IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles F. Wentland, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 561 |
| KCA Financial Services, Inc., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Charles F. Wentland, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Charles F. Wentland ("Wentland"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that he owed, prior to his bankruptcy, to Silver Cross Hospital.

4. Defendant, KCA Financial Services, Inc. ("KCA"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, KCA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant KCA is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit A.

6. Defendant KCA is licensed to act as a collection agency in Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit B. In fact, defendant KCA acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. On September 25, 2009, Mr. Wentland and his wife filed a Chapter 7 bankruptcy petition in a matter styled In re: Wentland, N.D. Ill. Bankr. No. 09-35590. Among the debts listed on Schedule F of Mr. Wentland's bankruptcy petition were medical debts he owed to Silver Cross Hospital. Both Defendant KCA and Silver Cross Hospital were listed on the bankruptcy petition. See, excerpt of bankruptcy petition attached as Exhibit C.

8. On September 30, 2009, both Defendant KCA and Silver Cross Hospital were sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit D.

9. Nonetheless, Defendant KCA sent Mr. Wentland a collection letter, dated October 22, 2009, demanding payment of a debt owed to Silver Cross Hospital prior to the bankruptcy. A copy of this collection letter is attached as Exhibit E.

10. All of Defendant KCA's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

14. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false, deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

15. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

18. Defendant KCA, and the creditor, Silver Cross Hospital, were given direct, written notice (Exhibit D), through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with the debt at issue. By directly sending Mr. Wentland the October 22, 2009 collection letter (Exhibit E), despite notice that he was represented by bankruptcy counsel in connection with his debts, Defendant KCA violated § 1692c(a)(2) of the FDCPA.

19. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT III
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

20. Plaintiff adopts and realleges ¶¶ 1-11.

21. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

22. Here, the notice from the bankruptcy court (Exhibit D) told Defendant to cease communications and to cease collections. By continuing to communicate

regarding this debt and demanding payment, Defendant KCA violated § 1692c(c) of the FDCPA.

23. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Charles F. Wentland, prays that this Court:

1. Find that Defendant KCA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Wentland, and against Defendant KCA, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Charles F. Wentland, demands trial by jury.

Charles F. Wentland,

By:/s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 27, 2010

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com